UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMANTHA LEIGH ROSS-VARNER,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | Case No. 20-cv-05566-AGT<br><br>**ORDER GRANTING MOTION TO DISMISS**<br>Re: Dkt. No. 8 |

In 2015, in the Eastern District of North Carolina, Samantha Leigh Ross-Varner pled guilty to being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(2). For that crime and a related offense she is serving a sentence in the Northern District of California. She has petitioned for a writ of habeas corpus, under 28 U.S.C. § 2241. At issue here is the government's motion to dismiss the petition.

Ross-Varner contends that the writ should issue because her plea colloquy was constitutionally inadequate. The sentencing judge told her that to convict, the government would need to prove that she knowingly possessed a firearm, that at the time of possession she was a felon (meaning that she had been convicted of a crime punishable by imprisonment for a term exceeding one year), and that the firearm had traveled in interstate commerce. *See* May 11, 2015 Hr'g Tr., No. 5:14-CR-00206-BO-6, ECF No. 306 at 21 (E.D.N.C. April 4, 2016). Four years later, the Supreme Court clarified that to convict under § 922(g) and § 924(a)(2), the government must prove not only that the defendant knew she possessed a firearm, but also that she knew she was a felon at the time of possession. *See Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019). Ross-Varner wasn't made aware of the latter mens rea requirement when she entered her plea, so she asserts that her plea wasn't knowingly and intelligently made.

The government argues, correctly, that this Court lacks jurisdiction to consider Ross-Varner's claim. She is challenging the legality of her conviction, which is a challenge that

generally must be made in the sentencing court, not in the custodial court, and by motion under 28 U.S.C. § 2255, not by petition under § 2241. *See Hernandez v. Campbell*, 204 F.3d 861, 864–65 (9th Cir. 2000). The sole exception is that the custodial court may consider the legality of a sentence entered in another district when the remedy under § 2255 is "inadequate or ineffective." *Id.* at 865 (quoting 28 U.S.C. § 2255(e)). This test is met only when a petitioner "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (quoting *Ivy v. Pontesso*, 328 F.3d 1057, 1060 (9th Cir. 2003)). Ross-Varner hasn't satisfied either element.

"Actual innocence means factual innocence, not mere legal insufficiency." *Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). If Ross-Varner insisted that she didn't know she was a felon when she possessed the firearm that led to her conviction, that would be a claim of factual innocence. But that's not the claim made. Instead she argues that the government "failed to prove" that she knew she was a felon at the time of possession. ECF No. 1 at 7. This is a claim of legal error, not of factual innocence. *See Bousley*, 523 U.S. at 623–24 (explaining that the "mere legal insufficiency" of evidence presented at the defendant's plea colloquy would not demonstrate "actual innocence").[1]

Nor was Ross-Varner obstructed from presenting her claim to the sentencing court. In 2018, she filed a § 2255 motion in the sentencing court (raising claims of ineffective assistance of counsel), and the court didn't resolve her motion until April 27, 2020, ten months after *Rehaif* was decided, on June 21, 2019. *See* No. 5:14-CR-00206-BO-6, ECF Nos. 366, 372, 401. This, then, isn't a case in which a controlling Supreme Court ruling came down after the defendant had exhausted her first § 2255 motion. *Cf. Stephens*, 464 F.3d at 898 (petitioner lacked "unobstructed procedural shot" to present claim of actual innocence, when the claim was based on a Supreme

---

[1] Other courts in this circuit have reached the same conclusion. *See, e.g.*, *Braden v. United States*, No. 20-CV-3138-MWF (MRW), 2020 WL 5604837, at *2 (C.D. Cal. Aug. 14, 2020) (claim that "the government failed to prove that [the defendant knew of his status as a felon] as later required by *Rehaif* . . . . [was] not a claim of factual innocence for the crime"), *adopted*, 2020 WL 5604822 (C.D. Cal. Sept. 17, 2020); *Hudson v. Ciolli*, No. 20-CV-00936-JLT (HC), 2020 WL 4207970, at *2 (E.D. Cal. July 22, 2020) (claim that "a legal element was not met" under *Rehaif* was "not the same as a claim of actual innocence"), *adopted*, 2020 WL 7122081 (E.D. Cal. Dec. 4, 2020).

Court decision issued "after the Tenth Circuit denied his § 2255 motion"). Ross-Varner could have moved to amend her § 2255 motion to raise her *Rehaif* claim, but she didn't. This is fatal to her § 2241 petition. *See Braden*, 2020 WL 5604837, at *2 ("A change in the law that occurs before a prisoner's first Section 2255 motion was decided is not sufficient to demonstrate that a prisoner was denied an unobstructed procedural shot.") (internal quotation marks omitted).

Lacking jurisdiction, the Court grants the government's motion to dismiss the petition. Ross-Varner cannot change the dates on which *Rehaif* was decided and on which the sentencing court ruled on her § 2255 motion, so she cannot possibly cure the second of the two defects identified. Because it would be futile for her to amend her petition, the Court dismisses it with prejudice.

**IT IS SO ORDERED.**

Dated: January 12, 2021

ALEX G. TSE
United States Magistrate Judge